IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHIYA ANDERSON,
         Plaintiff,
vs.                                                    Civil No. 08-0859 JEC/DJS
GLORI CHAPMAN and CHIEF RAY
SCHULTZ, in their individual capacities,
and the CITY OF ALBUQUERQUE,

         Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's First Motion to Compel Discovery and Memorandum in Support **[Doc. No. 33]** filed on June 24, 2009. Plaintiff moves the Court for an order compelling Chief Schultz and the City of Albuquerque to produce documents Plaintiff requested in her March 18, 2009 Request for Production of Documents.

### I. Discussion

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED.R.CIV.P. 26(b)(1). The Rule's relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978). "Although the scope of discovery under the federal rules is broad, . . . parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-CV-00790-DAK, 2007 WL 474012, at *2 (D.Utah Feb. 6, 2007); *see also Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000). Finally, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." FED.R.CIV.P. 26(b)(1).

Federal Rule of Civil Procedure 34 governs requests for production of documents. Rule 34 requires a written response to a request for production to state with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. Fed.R.Civ.P. 34(b)(2)(A) & (B). If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts. Fed.R.Civ.P. 34(b)(2)(C). Subsection (b) also provides that a party who produces documents for inspection shall produce them "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed.R.Civ.P. 34(b)(2)(E)(i)

Under subsection (a), a party may be required to produce relevant documents and tangible things that are within its "possession, custody or control." Fed.R.Civ.P. 34(a)(1). "[C]ontrol comprehends not only possession but also the right, authority, or ability to obtain the documents." *Comeau v. Rupp*, 810 F.Supp. 1127, 1166 (D.Kan. 1992).

**Request for Production No. 1**

Request for Production No. 1 requests,

> All documents which relate to or concern the August 12, 2007 arrest, booking and injury to Plaintiff. This request includes, but is not limited to, police reports, daily logs of all officers involved in any way, booking sheets, bond documents, photographs, fingerprints taken, audio tapes, video tapes, CAD reports, audio tapes of communications with any dispatch, cell phone records of any calls made, dispatch logs and radio logs of any type. As to the cell phone records, this request seeks all cell phone records for Defendant Chapman and Officers Paul Heh, Dawne Roberto, Lorenzo Apodaca, and A.S. "Sally" Gallosa for August 12, 2007. This request includes all audio tapes by Officers Heh, Roberto, Apodaca and Gallosa for August 12, 2007 that involve Plaintiff in any way.

Pl.'s First Mot. Compel, Ex. 1. Plaintiff complains that Defendants have not provided Defendant Chapman's belt tape even though her police report indicates she ran her belt tape during her

entire time with Plaintiff.  Pl.'s Mot. Compel; Ex. 3 (Defendant Chapman's Police report, noting "I ran my belt tape the entire time.").  Moreover, Plaintiff argues Defendants were aware that this was a serious incident and were required to preserve all evidence regarding the incident.  *Id*.; Ex. 4 (Internal Affairs Unit Investigator's Notes).  In the Internal Affairs investigation report, the investigator noted the "possible criminal nature" of Defendant Chapman "punching her prisoner."  *Id.*

Defendants objected to this request "as overly broad, unduly burdensome, vague and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants also object that the request is actually multiple requests, violating the Court's restriction on the number of requests for production which each party may serve upon the other.

In opposing discovery on the grounds of over-breadth, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  "This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents." *Super Film of Am., Inc. v. UCB Films, Inc*., 219 F.R.D. 649, 651 (D. Kan. 2004).  Thus, an objecting party cannot sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing.  *See, St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp.,* 198 F.R.D. 508, 513 (N.D. Iowa 2000).

Defendants have not met their burden of presenting facts to justify their objection on the grounds that Request for Production No. 1 is overly broad.  The request is also not vague. Plaintiff seeks documents that relate or concern the August 12, 2007 arrest, booking and injury to Plaintiff.  Defendants shall produce any documents that are responsive to this request,

3

including Defendant Chapman's belt tape or provide an explanation as to why they cannot produce it.

**Request for Production No. 2**

Request for Production No. 2 requests,

All video tapes from Defendants' Prisoner Transport Unit (Alvarado Detention Center) located at the intersection of First Street and Central Avenue in downtown Albuquerque (hereinafter, "Albuquerque Detention Center") of all rooms in which Plaintiff was located on August 12, 2007, while she was at the Center."

Pl.'s First Mot. Compel, Ex. 1. Plaintiff contends Defendant Chapman's Internal Affairs file regarding the August 12, 2007 incident includes an audio tape of her predetermination hearing before Defendant Schultz. Pl.'s Mot. Compel at 5. In the audio tape, Defendant Schultz informs Defendant Chapman about "16 surveillance cameras" at the Alvarado Detention Center that captured everything that happened.

Additionally, Plaintiffs contend that in *Bell v. City of Albuquerque, Albuquerque Police Department*, CIV No. 2008-00958, a case in the Second Judicial District, Alvarado Detention Center Lieutenant Brian McCutcheon testified in his deposition that in the course of his duties at the detention center he reviewed and submitted video tapes to the Internal Affairs Unit relating to Defendant Chapman's August 12, 2007 incident with Plaintiff. Plaintiff also argues Defendants received a letter from her attorney on August 27, 2007, requesting the "video tape at the holding facility of her entire time there . . . ." *Id*., Ex. 5. Plaintiff argues this served as notice to Defendants to preserve all evidence. Defendants received Plaintiff's tort claim notice on January 1, 2008.

Nonetheless, Defendants responded they did not have any video tapes depicting Plaintiff on August 12, 2007. Defs.' Resp. at 2; Pl.'s Mot. Compel; Ex. 2. Defendants contend

Lieutenant McCutcheon also testified at his deposition that he did not recall the content of the tapes he saw. Thus, Defendants admit there were video tapes of Plaintiff's detention at the Alvarado Detention Center on August 12, 2007. Defendants should make every effort to locate the Alvarado Detention Center video tapes and produce them or, if not located, provide an explanation to the Court as to what steps they have taken to locate them.

**Request for Production No. 6**

Request for Production No. 6 requests,

> Defendant Glory Chapman's audio belt tape for August 12, 2007, during the time Plaintiff was in Defendant's custody: the entire time they were in transit to the Alvarado Detention Center, while they were at the Alvarado Detention Center, and during her transport of Plaintiff to the hospital that night.

Pl.'s Mot. Compel; Ex. 1. Plaintiff contends Defendant Chapman specifically noted in her police report that she "ran [her] belt tape the entire time. *Id.*, Ex. 2. Plaintiff argues Defendant Chapman is a police officer employed by Defendant City of Albuquerque and her request directs Defendants to produce documents in their custody or control and the custody and control of their agents and employees, including Defendant Chapman. Pl.'s Reply at 4.

Nonetheless, Defendants responded they do not have the belt tape because it was not tagged into evidence. Defendants direct Plaintiff to "inquire of Defendant Chapman what she did with the tape." Defs.' Resp. At 4. Defendant shall produce this tape or provide an explanation to the Court as to what steps they have taken to locate it.

**Request for Production No. 7**

Request for Production No. 7 requests,

> All documents which relate to or concern any Internal Affairs ("IA") investigation conducted into the August 12, 2007 incident at issue in this lawsuit by Defendants and/or the Albuquerque Police Department. This includes the entire IA file, if an IA

5

> investigation was conducted, including but not limited to findings, interviews, video tapes, audio tapes, and transcripts.

Pl.'s Mot. Compel, Ex. 1.  Although Defendants did not object to Request for Production No. 7, Plaintiff complain Defendants have not produced any tape recordings, transcripts, or notes of the investigative interviews conducted during the Internal Affairs investigation.

Defendants note they had previously provided copies of the audio tapes as reflected by Plaintiff's reference to the audio tape of Defendant Chapman's predetermination hearing before Defendant Schultz under Request for Production No. 2.  Nonetheless, Defendants have agreed to make copies of the audio tapes.  However, Plaintiff complains that Defendants have not provided any copies of the audio tapes as of the filing of her August 3, 2009 Reply to Defendants' Response.  Defendants shall provide copies of the audio tapes of the investigative interviews conducted during the Internal Affairs investigation.

**Request for Production No. 9**

Request for Production No. 9 requests,

> All police reports that include Plaintiff as a suspect in any crime and all documents reflecting any criminal charges brought against Plaintiff and the disposition of those charges, except as to Plaintiff's August 12, 2007 arrest and charges.

Pl.'s Mot. Compel, Ex. 1.

Defendants objected to this request on the grounds that these records were "equally available to Plaintiff and are public record."  Defs.' Resp. at 4.  However, Plaintiff contends the records are not equally available to her, and she would have to submit an Inspection of Public Records Act request.  These records are relevant and should be produced.  Defendants' objection is overruled.

**Request for Production No. 13**

6

Request for Production No. 13 requests,

> All documents reflecting all pre-employment actions undertaken by Defendants prior to hiring Defendant Chapman, including but not limited to the interview, references, investigations, evaluations and testing of Defendant Chapman.

Pl.'s Mot. Compel, Ex. 1.

Defendants objected on the grounds that the requested materials violated Defendant Chapman's right to privacy and were not relevant or reasonably calculated to lead to the discovery of admissible evidence.

The requested documents are relevant to Plaintiff's municipal liability claim concerning Defendants' hiring and retention of Defendant Chapman. Moreover, the parties' June 24, 2009 Stipulated Protective Order (Doc. No. 32) should address any privacy or confidentiality concerns. Accordingly, Defendants' objection is overruled. Defendants shall produce the requested documents.

**Requests for Production Nos. 18, 19, 20**

Request for Production No. 18 requests,

> All written complaints, tort claim notices and lawsuits submitted or filed by any citizen, law enforcement officer or agency, or other Albuquerque employee alleging acts of unlawful arrest, use of excessive force, physical abuse, assault, battery, verbal abuse, harassment, failure to provide access to lavatory facilities, failure to provide food or water, violation of the First Amendment, and/or any other complaint against Defendants' employees during the time period August 1, 2004 to the present date which concern in any way conduct at the Alvarado Detention Center and all predecessor detention facilities utilized by Defendants during this time period.

Request for Production No. 19 requests,

> All documents relating to any investigations conducted by Defendants and/or the APD into the complaints, tort claim notices and lawsuits referred to in the preceding Request No. 18.

Request for Production No 20 requests,

> All surveillance video taken at the Alvarado Detention Center and all predecessor detention facilities utilized by Defendants which may reflect any reported or unreported instances of abuse of detainees by Defendants' employees from August 1, 2004 through the present.

Pl.'s Mot. Compel, Ex.1.  Plaintiff argues the requests are tailored to a specific set of acts within a specific time frame and are relevant to her claims for supervisory and municipal liability.  Plaintiff contends these requests will establish "Defendants' custom, policy and practice of allowing use of unlawful force at the Center."

Defendants object to Requests for Production Nos. 18, 19 and 20 on the grounds that the requests are overly broad, vague, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendants have not met their burden of presenting facts to justify their objection on the grounds that Requests for Production Nos. 18, 19 and 20 are overly broad.  Nonetheless, the Court will limit production to a shorter time frame and only as to similar incidents.  Defendants shall produce the requested documents from 2004 to 2007 as to Requests for Production Nos. 18 and 19 and only as to similar incidents, i.e., excessive force, physical abuse, assault and battery.  Moreover, the Court will sustain Defendants' objection to Request for Production No. 20.  Plaintiff's Request for Production No. 20 would require Defendants to view all surveillance videos from 2004 to 2007 in order to locate any video(s) that reflect instances of "unreported" abuse of detainees.

**Request for Production Nos. 21, 22, 23 and 24**

Request for Production No. 21 requests,

> All documents, including but not limited to e-mail messages, which reflect in any way whistleblower Guadalupe Bell's report(s) to Defendants' employees about excessive use of force, abuse, malfeasance and/or misconduct at the Alvarado Detention Center.

8

Request for Production No. 22 requests,

All documents relating to and resulting from any investigation by Defendants regarding the allegations made by whistleblower Guadalupe Bell's (sic) in her report(s) of excessive use of force, abuse, malfeasance and/or misconduct at the Alvarado Detention Center.

Request for Production No. 23 requests,

All documents reflecting in any way any and all actions taken by Defendants in response to whistleblower Guadalupe Bell's report(s) of excessive use of force, abuse, malfeasance and/or misconduct at the Alvarado Detention Center.

Request for Production No. 24 requests,

All documents reflecting in any way any and all actions taken by Defendants to effect any change to the Alvarado Detention Center facilities, surveillance equipment, personnel policies, staffing assignments, hiring or firing, staff training or other actions that took place between March 1, 2007 and August 12, 2007.

Pl.'s Mot. Compel, Ex. 1.  These requests are overly broad.  *See Regan-Touhy*, 526 F.3d 641, 649 (10th Cir. 2008).  The Court will sustain Defendants' objection.

**Request for Production No. 25**

Request for Production No. 25 is no longer in dispute.  However, as of the date of Plaintiff's Reply, Defendants had not produced the documents responsive to Request for Production No. 25.

**Request for Production Nos. 26 and 27**

Request for Production No. 26 requests,

All documents showing all disciplinary actions and training provided to the officers found to have violated federal or state rights of citizens as determined by the jury verdicts, court judgments and appellate decisions referred to in the preceding Request No. 25.

Pl.'s Mot. Compel, Ex. 1.  Defendants have agreed to produce documents responsive to Request for Production No. 25, which requests all jury verdicts, court opinions, judgments and appellate

9

decisions entered against Defendants. Thus, Defendants should know which officers were named in those verdicts, judgments or court opinions and what training those officers received and what disciplinary action, if any, was taken against any of those officers. Accordingly, the Court will overrule Defendants' objection. Defendants shall produce all documents responsive to Request for Production No. 26.

> Request for Production No. 27 requests,
>
> All documents concerning complaints made about the job performance of Defendant Schultz regarding the training, supervision and/or discipline of his subordinate officers during the time period from August 1, 2004 to the present date, including but not limited to all police reports, investigations and memoranda which concern all such complaints.

*Id.* This request is overly broad. Accordingly, Defendants' objection is sustained.

**Interrogatory No. 7**

Interrogatory No. 7 directs Defendants to "list all remedial measures and improvements which have been taken as a result of reports of detainee abuse at the Alvarado Detention Center from March 1, 2007 to the present date." Pl.'s Mot. Compel, Ex. 9.

Defendants objected to Interrogatory No. 7 on the grounds that it is "overly broad, vague, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." *Id.*, Ex. 10. The Court will overrule Defendants' objection. The interrogatory is limited to a reasonable and specified time and relevant to Plaintiff's claim of supervisory and municipal liability. Moreover, Defendants' argument that the terms "remedial measures" and "improvements" are subject to many subjective interpretations is not well taken. Plaintiff seeks discovery of any measures taken to remedy any reported abuse of detainees at the Alvarado Detention Center from March 1, 2007, to the present date. Accordingly, Defendants objection is overruled. Defendants shall respond to Interrogatory No. 7.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery is granted in part and denied in part. Defendants have ten (10) days from the date of the filing of this Memorandum Opinion and Order to comply.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**